# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA ANN HANSEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-315-SPS |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorney's fees in the amount of $5,898.06, *see* Plaintiff's Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 23], and in the amount of $936.40, *see* Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 28] for a total request[1] of $6,834.46, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees under the EAJA as the prevailing party herein.

---

[1] The Court notes that the Plaintiff has also requested an additional $977.60 in her second Reply Brief, but finds that such a request is not properly before the Court at this time. *See* Loc. Civ. R. 7.1(c) ("Each motion, application, or objection filed shall be a separate pleading[.]").

On appeal, the Plaintiff asserted four arguments, including several related to the ALJ's step-four analysis and RFC determination. The Commissioner's response to the EAJA fee request asserts that her position on appeal was substantially justified because the arguments made before this Court were plausible and reasonable in fact and law, and the duty to weigh evidence is the sole province of the ALJ. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258. In this case, the

Court found that the ALJ's opinion omitted negative findings related to the claimant's mental status, engaging in improper picking and choosing, and further failed to properly account for a Third Party Function Report. Here, the Commissioner argues she reasonably relied on Tenth Circuit precedent to support a finding that the ALJ's decision was "adequate," and that a reasonable person could have found that the ALJ adequately detailed the evidence in the record, and even if he technically erred, such error was harmless. But this directly contradicts this Court's finding – that the ALJ *did err* and that such error *was not* harmless. Inasmuch as it was the ALJ's obligation to provide a reasonable basis for his findings, it is difficult to see how anything said on appeal could justify the ALJ's failure in this case. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991).

The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp.

825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 23] in the amount of $5,898.06 and Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 28] in the amount of $936.40 are hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $6,834.46 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 3rd day of February, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma